The next case this morning is 5-22-0587, People v. Petmecky. Arguing for the defendant appellant is Carolyn Clarquist. Arguing for the state appellee is Gary Genetovic. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please, not only the clerk, is permitted to record these proceedings. Good morning, counsel. Good morning, your honor. Ms. Clarquist, you're for the defendant and appellant. I think you're on mute. I was. Sorry about that. Yes, I'm here for the appellant, John Petmecky. Okay. You're welcome to begin when you're ready. All right. Good morning, members of the court, officer from the state's attorney. My name is Carolyn Clarquist, and I'm here to represent the appellant, John Petmecky. Three issues were raised on the brief before this court, and I plan to focus on the first issue, but I'm certainly happy to take questions on the second two issues. The first issue before this court is whether the interests of justice and fundamental fairness require this court to the opportunity to withdraw his guilty plea where he pled guilty to a facially invalid charge. The charge that he pled to did not include a mens rea component, which we know under people versus read is an essential element of the offense. So what essentially has happened is he has pled guilty to what is not a crime under our criminal code. And the record shows that he was never informed about the mens rea element of the offense. It was never included, and the mens rea here would be sexual gratification. He was never notified about that in open court, and it's not on the written charge. While the statutory citation is referenced in the charge, there's no reason to presume that Mr. Petmecky would know that he should look up the statutory citation to confirm that the charge is properly as written, given that it was read to him in open court. Now, he obviously pled guilty, and typically that means that he has waived issues for appellate review. However, in this case, waiver is the limit on the parties, not this court's ability to review the However, this court should follow Reed and Belcher where the Supreme Court has said that notwithstanding the waiver element that is incumbent on a guilty plea, that the court can entertain the issue on appeal if necessary to prevent a manifest injustice, and that outweighs the voluntary nature of the plea. And here, the injustice is that Mr. Petmecky has pled guilty to something that's not a crime as written and as charged. Now, this issue is being, the indictment itself, this is a challenge to it for the first time on appeal, was not raised in the trial court. So, he must show that he was prejudiced by the fact that the charge itself did not include the essential element being the mens rea. Here, he is prejudiced because the legislature requires that there be a specific intent. That's how they drafted the predatory criminal sexual assault of a child statute. And in this case, it is prejudicial to him in deciding how, whether or not he should be plead guilty to this particular charge. Without the mens rea, what he is agreeing he did is as conduct, however slight, but he does not know that what he's also pleading guilty to is the element of sexual gratification because he's not notified about that. We know from the record that he was found unfit for trial prior to the guilty plea, diagnosed with major depressive disorder, reoccurring episode with psychotic features. So, I think it's clear that he certainly could be prejudiced where his decision-making, deciding whether or not to plead to this charge is impacted by the fact that it did not include the mens rea because what he's pleading guilty to is an act of conduct, however slight, but not with the necessary mens rea specific intent that the contact at issue was due for sexual gratification. And our Supreme Court in Kent resolved this issue and said, no, you have to have the mens rea for this specific charge to ensure that the defendant is not charged with a crime that could conceivably have an innocent defense, where there is an act of contact. That's why the element must include, or the charge, sorry, must include the essential element of sexual gratification. So, in this case, his plea, he should be allowed the opportunity to withdraw his plea because what he's pled guilty to, as I mentioned, is not a crime in our criminal code as written and as charged and as read to him in open court when his plea was taken. And with that, if the court doesn't have any other questions, have any questions, you know, this obviously is thoroughly addressed in the brief itself. And I'm happy to take any questions on it if the court has any. Are you saying that the plea in and of itself is so defective that there would be no reason to consider whether he was able to prepare a proper defense or whether he was prejudiced in any way? That's right. And the reason for that is because without the essential element of sexual gratification, he might have pled guilty to this offense, thinking like, well, there was contact, however slight, between these two body parts as charged in the indictment. But that standing alone is not a crime. So, to that extent, we can't, you know, have any. You've gone. You've muted. You're muted, Ms. Clarquist. You're muted again. You apparently can't hear us either. You're muted. You were muted again. I'm sorry. I can't hear you. Can you hear me now? I can. Yes. Go ahead. I apologize. You were muted during your argument. Do you want to repeat that? Yes. I'm sorry. I apologize. I'm having technical difficulties this morning. What I was saying is that, you know, in Illinois, we can only allow for someone to plead guilty to an offense that is an actual criminal offense. And as in this case, he didn't plead guilty to what we consider to be a crime. What he pled guilty to is an act of conduct, however slight. But without the mens rea element to it, the plea can't stand because it's not a under our criminal code. Okay. Does that conclude your argument? It does. I'm sorry, Judge. Doesn't Kidd involve a jury trial? It does. Yes. There was no self-report or turning himself in in Kidd as there was here. Doesn't that, Judge, make a difference that, you know, he knew that he had done something that he felt was wrong or illegal to turn himself into the police? Sure. But what's happened is that what he's pled guilty to is not a crime. So notwithstanding what the other charges are or what he believed his conduct to be, whether right or wrong, the fact that I think this is a concern about isn't the concern about what whether he knew whether the what he pled to was a crime isn't isn't the concern with the pleading instrument putting the defendant on notice of what he is alleged to have done? Well, I think there's two different things. Right. Yeah. To prepare his defense, I mean, if you look at the entire information, the other charges are for sexual abuse of a child. And then the component there is sexual arousal, where the more serious class offense, which is the criminal sexual assault of a child. None of those charges, including the one that he pled guilty to had the mens rea being sexual gratification. And notwithstanding that, while Kidd definitely was a jury trial to hear he's pleading guilty, the underlying fact remains that what he's pled guilty to is simply not a crime as written. So that's why he should be given the opportunity to withdraw in terms of preparing his defense. And this goes into three talks about this. There may be innocent conduct that results in contact. And that's the reason the defendant has to be notified about the mens rea. That's the specific intent that makes innocent conduct different than a crime. Sexual gratification. That's the crime. That's the specific intent. And, you know, our legislature said, you know, it's the offender must objectively desire the prohibitive result here, which would have been sexual gratification. So it also goes into whether or not he wanted as charged, you know, he decided to plead guilty here. Maybe he thought he had no defense because there was contact, however slight, notwithstanding the fact he's not notified about sexual gratification. And it went into all his decision making. It's it seems that you can't make a honest decision about or a fairly informed decision about whether to be guilty. In this case, when as charged, you haven't put on notice of all that essential elements of the offense itself. And having said that, you know, yes, Reid was a jury trial, but the underlying fact remains that the charge both in Reid and here are defective. So it has to be remanded. So he has the opportunity to withdraw that plea. Okay, Justice Moore, any questions? No questions. Justice Barbera's this time. Thank you. Okay. Mr. We pronounce your name for me, sir. So I don't butcher it. It's going out of it. Okay, Mr. Would you like to respond, sir? Yes, your honor. Thank you. May it please the court counsel. The question for the court is whether or not the finish should be allowed to take and I have the opportunity for a remand to file his motion or file a motion to attack the sufficiency of the information charging predatory criminal sexual assault, relying upon kid. Obviously, the state believes that the answer to that question should be no, he should not be given that opportunity. And that is because while kid did or does state that when you charge predatory criminal sexual assault of a child, under contact, you have to allege that the contact was for the sexual gratification arousal of either the victim or the defendant. That obviously changed the law because prior to that, it was fairly clear by other appellate court decisions that such an allegation even with sexual contact was unnecessary. The thing is and what so from a substantive point of view, this is what the law is. The reason why kid is distinguishable is more on procedural grounds. Kid is distinguishable because as was a question here earlier, kid involved a pretrial motion to dismiss for failure to was denied. And the case also involved a jury trial, not a guilty plea. As I'm sure your honors are very much aware, when a defendant pleads guilty, all non-jurisdictional issues are forfeited. And under Pujol and Gilmore, okay, when an issue is raised for the first time on appeal, we do not look at section 111-3 to determine the sufficiency of the charge. Rather what we look at is we look at whether or not as charged did the charging instrument apprise the defendant of the precise offense in sufficient specificity that would allow him to prepare a defense as well as plead a bar of double jeopardy. I think when you look at the charge in this case, this sets forth the name of the offense, the correct citation of the offense, it articulates the conduct specifically. I think what you have is you have sufficient specificity here that would allow this defendant to prepare a defense and certainly to take and plead a conviction or the guilty plea to a bar to any further criminal action brought under the same facts. So in this case, because of the fact that he has pleaded guilty, Kidd and the analysis in Kidd while we have the rule, if you take a look at this charge, because it does satisfy the Pujol and Gilmore standard, the charge is sufficient in this case, even sans the element of sexual gratification, is sufficient in this case to sustain the guilty plea. It's sufficient to sustain what this defendant pleaded guilty to. Belcher and Reed do not aid the defendant's argument and the reason for that is because both of those cases are clearly distinguishable. The due process concern in Belcher was the fact that the defendant was found sane under the statute that was in effect at the time. When the expert who basically conducted the examination testified at the sentencing hearing, he testified that he would have found the defendant insane had the old statute been still in effect. Because of the fact that the insanity statute was later found to be unconstitutional, it was void and so therefore the statute that was in effect at the time, the insanity statute, this defendant had a potential defense, if you will, to the murder charge. He could either be actually been acquitted because of insanity, found not guilty to the reason of insanity, or at least have the insanity defense there to be able to take and attack the charge. So the due process concern there was the fact that we might be convicting someone who was mentally ill. In Reed, Reed basically was somewhat similar in that the defendant pleaded a sufficient case of actual innocence. Again, due process, under Illinois law, we do not take and convict people who are innocent of a crime. So considering the weight of those concerns by the Illinois Supreme Court, even though there was a guilty plea in Reed, basically that's when they address this aspect, well, you know, the guilty plea and what we have said has to take and, if you will, take a back seat to due process because we want to take and protect the defendant, one case insane, other case potentially innocent. We don't have that same concern here. This defendant, the fact that the charge here lacked that element is not the kind of unusual circumstance that's going to take and dictate a due process argument or going to take and justify giving them an all the cases where, because basically people who plead guilty and all of a sudden a case comes along or there's something that changes the law and now they want to take and apply that to their case. If you do that in this case, basically you're completely skirting around Gilmore and Pujol. You're completely skirting around it because what you're doing is you're giving the defendant an opportunity to bring something on really what is technically, yes, lacks an element, but it nonetheless is sufficient, especially here being attacked for the first time on appeal. And so under those circumstances, I think that originally I think that the charge is sufficient to sustain the conviction at the very least under Pujol and Gilmore. This defendant here his guilty plea should nonetheless still be sustained. So in this case, the waiver rule here shouldn't be relaxed. The one thing that I would like to nonetheless touch upon also is the speedy trial claim. And that simply is the fact that defendant claims that if this court were to take and say, okay, we're going to send it back and allow defendants to do this, basically the argument's kind of been put out there now that somehow the state is going to be precluded from recharging this defendant. That because it's beyond the 120-day rule that now all of a sudden this is going to be a new and additional charge. Well, it's not. If by chance this case does go back, speedy trial is not going to prevent this defendant from being recharged because the offense is a recharging of the same conduct, the same act. I guess it does have the additional element, but that does not mean that it is a new charge. Well, the citation to the case was correct, to the charge was correct. That is correct. The citation to the offense was correct. It's just that it just lacked that element. And basically, it's somewhat the same. The logic here is somewhat the same as with respect to an unconstitutional statute. When a statute is unconstitutional, it is void of initial. In this case, because this charge lacked this element, it is void of initial, so the state can definitely recharge. It is not considered to be a new and additional charge. And I want to take and point out that in defendants with high brief, at one point, defendant makes the argument that by adding the element of the intent element here, they refer to it at page six of the reply brief as the mental state. But then later on, when they start talking about the speedy trial, they go into what they argue as they argue that by adding this element, we're now adding new conduct. We're not adding new conduct. The act was the sexual conduct. The intent to arouse is the mental state. So it's one or the other. Okay, they're separate. And in this case, speedy trial simply is just totally inapplicable. So for the reasons stated in the brief, as well as for an argument, the state would request that for this court to affirm the guilty plea and the 30-year sentence as imposed. If there are questions, I'll be happy to respond. Justice Moore? No question. Justice Barberis? No, thank you. Okay. Thank you, Mr. Konevich. Yes, thank you for your arguments. Ms. Clarke-Quist, rebuttal? Yes, just a few points. The argument made by the state here is the same argument that it made in Reed and was rejected by the court. The reason why you have to have the mens rea is to preclude the possibility that someone is being penalized for innocent conduct. What transforms an act of contact into a criminal act is what that conduct is done for, the purpose of the conduct. Here, the conduct as charged has no mens rea. The state had every component of mens rea. I don't know, but what I do know is that the client, the appellant rather, has pled guilty to something that's not a crime in the state of Illinois. So as it stands, the state can and have it both ways. They need to get, excuse me, they have to put the defendant on notice of what crime he's being charged with. Here, they didn't tell him in this charge or any of the criminal sexual assault charges that the act of contact was done for the purpose of sexual gratification. It's required in order for him to prepare defense because we could have a situation where someone says, oh, there was contact, even though it was innocent contact. Well, that's why you need to make sure there's the mens rea so that the defendant is clearly aware of the fact that he's being charged with something that is not considered innocent conduct. What he's being charged with is a crime because it includes the component of sexual gratification. For whatever reason, the state did not charge Mr. Pectecny with sexual gratification as written in the statute. While I realize that the citation is there, we have to keep in mind that it's not in the written information and it's certainly not told to him when he's pleading guilty. As written and as told to him at the guilty plea hearing, for whatever reason, the state omitted the sexual gratification component and we know under read that without that, it's not a crime. Now, with regard to speedy trial... I understand. I understand all that and I understand the nuances of this case, some of the unique facts of it concerning mental health and so forth and so on. But when Mr. Pectecny turned himself in, I don't believe that he would have been turning himself in for something he thought was accidental, innocent contact. He turned himself in knowing that he had done something that was not accidental, incidental contact. I guess I'm getting a little hung up on that issue. Sure, I understand. But keep in mind, he was also charged with multiple counts of criminal sexual abuse. I don't know what was going through his mind. He was found unfit to trial. He was found to have psychotic features. I don't know if that statement would have been that there would have been a motion to suppress that statement because it was not knowing or voluntary because of his mental illness. We just don't know that. What we do know is that he's pled guilty to a charge that is not a crime because it does not under read have the mens rea as required. So I understand the background of all but notwithstanding that, we have to look what is in front of us and what happened at the guilty plea hearing. And much like in Reed, we just can't have a conviction for something that's not a crime. So that's why he should be given the opportunity to withdraw his guilty plea. And I think Reed and Belcher actually does speak to that. It goes to the fundamental fairness of our judicial system. We certainly cannot have a conviction as in this case where we know that someone has been convicted of something that's not a crime and they're in prison for that. So he should certainly be given the opportunity to withdraw his plea. And in doing so, whether or not compulsory rejoinder precludes the state from recharging the predatory criminal sexual assault charges can be just the immediate remedy from the question before it, which is whether or not he should be given the opportunity to withdraw his guilty plea. And we think under Belcher, this court has authority to do so. It also has authority in light of Reed and Kitt, which is really the substance of the underlying claim before this court. How do you respond to your opponent's point with regard to the 120-day rule and whether or not if it were to be remanded, whether or not it's a new charge or if it's something that would be heard again? Well, I think that the answer to that goes into our long compulsory rejoinder. The prosecution is aware of something that is an act. Here, it would be the same act that's spoken to in Williams, excuse me, that they needed to charge this at the time. That's very clear under compulsory rejoinder. It's a series of acts that they knew it was, they tried to charge it, they just didn't charge it properly. They can perhaps, you know, revive their criminal sexual abuse charges, but this charge, predatory criminal sexual assault, has not been properly charged below. And it cannot go back at this point to charge that offense again. It could proceed on the criminal sexual abuse charges because those were properly charged. But if it wanted to charge him with predatory criminal sexual assault of a child, it needed to do so subject to compulsory rejoinder at the time and do it properly. For whatever reason, they admitted the mens rea. I don't know why. It's very odd, but, you know, that's not, you don't get a free pass on that. You have to let the defendant know exactly what crime he's being accused of. And again, I know there was a comment about, well, the statutory citation is correct, yes. But again, I would ask this court to consider Mr. Patekme, sorry, who was found unfit for trial. And when he was notified in open court, the sexual gratification was never included. If he saw a written copy of the information, it's not on there either. There's no reason to presume he would know that. And in doing so, we'd understand that that's what he's pleading guilty to because that's not what the judge read to him when taking the plea. My point, though, was when I asked the question is that on recharging, the statutory citation was correct? That's right. Okay. I mean, the statutory citation and information, it's on C-21. The citation is correct. But again, it doesn't include anything about sexual gratification. So I don't know why they left that out, but they did. And it's not fair to take a guilty plea when the charge under read is not sustainable. It's facially invalid because it doesn't have a mens rea as required by our legislature. All right. Thank you very much. Thank you both for your arguments here today. Justice Moore, any questions? No. Justice Barberis? No, thank you. All right. This matter will be taken under advisement and we will issue an order in due day.